IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSE ALONSO GARCIA                                        PLAINTIFF

        v.                    Civil No. 12-5037

OFFICER WRIGHT (#341),
Springdale Police Department;
and SERGEANT KIMER, Springdale
Police Department                                        DEFENDANTS

O R D E R

Now on this 29th day of January, 2014, come on for consideration **Defendants' First Motion For Summary Judgment** (document #32); the **Report And Recommendation Of The Magistrate Judge** ("R&R") (document #57); and **Plaintiff's Written Objections To Recommendation Of The Magistrate Judge** ("Objections") (document #60), and the Court, being well and sufficiently advised, finds and orders as follows:

1.   In his **§ 1983** Complaint, plaintiff Jose Alonso Garcia contends that defendants subjected him to the use of excessive force during his arrest on January 29, 2012.

Defendants denied the material allegations of the Complaint, and then moved for summary judgment.

United States Magistrate Judge Erin L. Setser conducted an evidentiary hearing to flesh out the evidence, and entered the R&R now under consideration, reporting that no constitutional violation had occurred and that defendants were protected by

qualified immunity.   She recommended that Garcia's claim be dismissed.

2.   Garcia objects to the R&R.  His Objections are somewhat rambling, making it difficult to discern the specifics of the objections, but it appears that Garcia challenges the sufficiency of the evidence to support summary judgment in favor of defendants.

3.   As explained in **Stoner v. Watlingten**, **735 F.3d 799, 802 (8th Cir. 2013),** "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'."  In resolving the issue of qualified immunity, the Court "must examine the record to determine which facts are genuinely disputed and view those facts in the light most favorable to the nonmovant, 'as long as those facts are not so blatantly contradicted by the record . . . that no reasonable jury could believe [them]'."  **Wright v. U.S.**, **--- Fed. Appx. ---, 2013 WL 6211744 (8th Cir. 2013).**

4.   In order to prove that defendants are liable for the use of excessive force, Garcia must show not just that defendants used force in arresting him, but that they used unreasonable force. The Supreme Court has long recognized that the right to make an arrest "necessarily carries with it the right to use some degree

of physical coercion or threat thereof to effect it." **Graham v. Connor**, **490 U.S. 386, 396 (1989).** In other words, some force may well be reasonable in making an arrest.

Whether the level of force is reasonable depends on the facts of the case -- viewed from the perspective of "a reasonable officer on the scene" -- "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

5.   The following facts are not in genuine dispute, either because Garcia admits them, or because his testimony is contradictory on the issue:

\*   Garcia admits fleeing from defendants after leaving "what has been classified as a cluster of narcotics area."

\*   He admits that his conduct while fleeing endangered others, and the dashcam videos of the police cars confirm that admission, showing him making extremely wide right-hand turns that take him into the oncoming traffic lane, and driving several times down the wrong side of the street for extended distances.

\*   The car chase came to an end in a dark cul de sac.

\*   Garcia was under the influence of drugs and alcohol at the time, and the dashcam videos show him getting out of his car with a bottle of beer in his hand.

\*   There were two other people in Garcia's car.

-3-

* Garcia hit one of the officers, although he contends he did so accidentally.

* When one of the officers attempted to push Garcia's upper body down on the trunk of the car he successfully resisted, enough so that he "stopped every time and I never hit the thing."

* Garcia later pled guilty to a charge of aggravated assault on an officer in connection with the events in question.

Even giving Garcia the benefit of all doubts, the foregoing demonstrates that police officers were presented with a tense situation, one that could well be fraught with danger, and that Garcia was not completely compliant during his arrest. Under these circumstances, it was not unreasonable for defendants to use a certain amount of force to ensure that Garcia -- and his passengers -- were safely under their control and could not run, pull a gun, or otherwise endanger their safety, or the safety of others.

6. The amount of force used -- even giving Garcia the benefit of the doubt -- cannot be considered excessive under the circumstances. While at times Garcia claims that his head was slammed into the trunk of a police car three times, at other times he admits that his head was *not* slammed into the trunk because of his resistance. While he claims that he was struck in the neck three times, causing knots to arise, he also admits that the knots did not arise for several days after his arrest, and that they

were, in fact, evidence of Hodgkin's lymphoma, a type of cancer, and were surgically removed a few months after his arrest.[1]

7.   The foregoing facts do not demonstrate a violation of Garcia's Fourth Amendment right to be free from unreasonable seizure.   As explained in **Graham**, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." *Id.*, **490 U.S. at 396-97.**

That description certainly applies to the situation here, even under Garcia's description of events.   A fleeing suspect, under the influence of drugs and alcohol, endangers others during flight from a known area of drug trafficking, and leads officers into a dark cul de sac.   During arrest, he offers some degree of resistance, and sustains several blows to his neck, a bump on his head and some cuts and bruises where handcuffs were applied.   This does not amount to the use of excessive force.

8.   For the foregoing reasons, the Court finds that the R&R should be adopted; that Garcia's Objections thereto should be overruled; that defendant's First Motion For Summary Judgment

---

[1] Garcia also complains that he had a bump on his head and mild cuts and bruises caused by the handcuffs placed on him when he was arrested, but it is not clear that he contends these were evidence of the use of excessive force, nor would the Court find them so, in light of the circumstances of the arrest.

should be granted; and that this matter should be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** (document #57) is **adopted in toto.**

**IT IS FURTHER ORDERED** that **Plaintiff's Written Objections To Recommendation Of The Magistrate Judge** (document #60) are **overruled.**

**IT IS FURTHER ORDERED** that **Defendants' First Motion For Summary Judgment** (document #32) is **granted,** and this matter is **dismissed with prejudice.**

**IT IS SO ORDERED.**

  /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

-6-